MEMORANDUM OF DECISION
This case presents petitions for the termination of the parental rights of Angela P. and Todd Y., the biological parents of three minor children; Alexander P., born on May 14, 1994, Anastasia Y., born on April 10, 1996 and Autumn P., born on May 27, 1997. Neglect petitions were filed for Alexander on August 31, 1995, for Anastasia on July 9, 1996 and for Autumn on September 8, 1997. Alexander was adjudicated neglected and committed to the care of the Department of Children and Families, hereafter "DCF", on October 5, 1995, and Anastasia on January 30, 1997. For Autumn, there has not yet been a neglect adjudication and the petition for neglect was consolidated for trial with the pending petitions for termination of parental rights. At present, the two oldest children reside in the same foster home. The youngest child, Autumn, is also in foster care and is doing well.
On September 9, 1998, both Todd Y. and Angela P. consented to the termination of their parental rights in open court. Each filed written consents on that date. The consents were found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with an understanding of the consequences of the consent to such court action.
The court finds that both parents have appeared during the pendency of the case. Each has a court-appointed attorney. The court finds that it has jurisdiction in this matter and there is no pending action affecting custody of the children in any other court. The court, having read the verified petitions and the exhibits which came before the court, makes the following findings:
Prior to the removal of the children from the parents, the CT Page 10388 parents had received substantial services to keep the children in the home. The court concludes that there is clear and convincing evidence that DCF made reasonable efforts to reunite the children with their parents. Further, the court finds that the two oldest children have resided in the same foster home together for some time. Each of them has had some developmental delays, but each is physically healthy and progressing normally in foster care. They appear attached to each other. The youngest child is in a different foster home and has thrived there. By all reports, she is developmentally on target and is a healthy child. None of the children had bonded to their parents while in their care and require permanency for their future development.
 ADJUDICATION
Both parents have consented to the termination of their parental rights and these consents have been accepted by the court. The court finds from the evidence that the allegations of neglect petition regarding Autumn have been proven by a preponderance of the evidence and the court adjudicates her a neglected child.
The court makes no factual findings required by General Statutes § 17a-112 (e) as they do not apply to consenting parties.
 DISPOSITION
Based upon the foregoing findings, the court determines that it is the best interests of Alexander, Anastasia and Autumn for a termination of parental rights to enter with respect to their biological parents, Angela P. and Todd Y. These findings are made after considering the special needs of these children, the length of time they have been separated from their parents, as well as their demonstrated need for a secure and permanent environment. The court acknowledges the "deleterious effect of prolonged temporary care of abused and neglected children." In re JuvenileAppeal (84-CD), 189 Conn. 276, 455 A.2d 1313 (1983). The Appellate Court has also noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence . . ." In re Alexander V.,25 Conn. App. 741, 748, 596 A.2d 930
(1992); see generally, JOSEPH GOLDSTEIN,ET AL., BEYOND THE BEST INTERESTS OF THE CHILD 99 (1979).
The court orders a termination of the parental rights for CT Page 10389 Angela P and Todd Y. to their three children, Alexander, Anastasia and Autumn. It is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for these children for the purpose of securing adoptive families for the children. If the foster families are willing to adopt, it is the court's direction that they receive first consideration. Further, the Commissioner shall file with this court no later than ninety days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session